UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

UNITED STATES OF AMERICA

vs.                                           2:98-cr-132-FtM-29DNF

ADAM MAYER
_____

**OPINION AND ORDER**

  This matter comes before the Court on defendant's Motion of Reconsideration of Petition for Judicial Assistance Issuance of Writ of Error Coram Nobis (Doc. #112), filed on April 26, 2005. Defendant seeks reconsideration of an Order (Doc. #111) filed September 15, 2004, denying defendant a writ of error coram nobis. For the reasons set forth below, the motion for reconsideration will be denied.

  First, the motion for reconsideration is untimely. United States v. Vicaria, 963 F.2d 1412, 1414 (11th Cir.), cert. denied, 506 U.S. 998 (1992); United States v. Cook, 670 F.2d 46, 48 (5th Cir.), cert. denied, 456 U.S. 982 (1982).

  Second, even if the Court were to reconsider the motion, defendant does not qualify for a writ of coram nobis. Federal courts have authority to issue a writ of coram nobis under the All Writs Act, 28 U.S.C. § 1651. United States v. Mills, 221 F.3d 1201, 1203 (11th Cir. 2000). This authority, however, is extremely limited. It is well established that a writ of coram nobis is an extraordinary measure of last resort available only in compelling

circumstances where necessary to achieve justice. Mills, 221 F.3d at 1203; United States v. Mosavi, 138 F.3d 1365, 1366 n.1 (11th Cir. 1998); United States v. Swindall, 107 F.3d 831, 834 (11th Cir. 1997); Lowery v. United States, 956 F.2d 227, 228-29 (11th Cir. 1992). The standard for coram nobis relief is high, with the court's jurisdiction being limited to review of errors of fact of the most fundamental character and when no statutory remedy is available or adequate. United States v. Addonizio, 442 U.S. 178, 186 (1979); Mills, 221 F.3d at 1203-04; Lowery, 956 F.2d at 228-29. After enactment of the Federal Rules of Criminal Procedure the Supreme Court noted that "it is difficult to conceive of a situation in a federal criminal case today where [a writ of coram nobis] would be necessary or appropriate." Carlisle v. United States, 517 U.S. 416, 428-29 (1996) (quoting United States v. Smith, 331 U.S. 469, 475 n.4 (1947)).

To be entitled to a writ of coram nobis, petitioner must show: (1) he was not in custody at the time he filed the petition, Garcia, 181 F.3d at 1274; Brown, 117 F.3d at 475; (2) there is and was no other available and adequate avenue of relief, Alikhani v. United States, 200 F.3d 732, 734 (11th Cir. 2000); Mills, 221 F.3d at 1204; and, (3) the error alleged involves a matter of fact of the most fundamental character which has not been put in issue or passed upon and which renders the proceeding itself irregular and invalid. Alikhani, 200 F.3d at 734 (11th Cir. 2000).

Petitioner fails to satisfy at least the first requirement. Petitioner is not eligible for a writ of coram nobis because he was (and is) in custody at the time the petition was filed and remains in custody.  <u>Garcia</u>, 181 F.3d at 1274; <u>Brown</u>, 117 F.3d at 475. Even if the § 2255 motion is no longer available to petitioner[1], he remains a prisoner in federal custody and is barred from seeking a writ of coram nobis.  <u>United States v. Johnson</u>, 237 F.3d 751, 755 (6th Cir. 2001); <u>United States v. Valdez-Pacheco</u>, 237 F.3d 1077, 1080 (9th Cir. 2001).

Accordingly, it is now

**ORDERED**:

Motion of Reconsideration of Petition for Judicial Assistance Issuance of Writ of Error Coram Nobis (Doc. #112) is **DENIED**.

**DONE AND ORDERED** at Fort Myers, Florida, this   9th   day of May, 2005.

                                              JOHN E. STEELE
                                              United States District Judge

Copies:
Adam Mayer
Counsel of Record

---

[1] Defendant's § 2255 motion was denied on March 22, 2004 (Docs. #108, 109).